UNITED STATES of America, Appellee,

v.

**Sonya Tillery RAWE, Appellant.**

No. 93–3626.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1994.

Decided April 15, 1994.

---

William C. McArthur, Little Rock, AR, for appellant.

Kenneth F. Stoll, Asst. U.S. Atty., Little Rock, AR, for appellee.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Sonya Tillery Rawe appeals her 21-month sentence imposed by the District Court[1] after she pleaded guilty to misprision of a felony, in violation of 18 U.S.C. § 4 (1988). We affirm.

Rawe was charged with having knowledge of and concealing the commission of a felony, to wit, a conspiracy to rob and the robbery of the First Commercial Bank of Little Rock, Arkansas. According to the presentence report (PSR), Rawe, her husband John David Rawe, Royce Lee Fowler, and Aubrey McNeely, Sr., planned the robbery of an automatic teller machine (ATM) at a bank where Rawe formerly worked. McNeely and Fowler robbed the drive-through ATM as a

security guard and a bank employee were loading it. McNeely approached the guard, pointed a gun at his side, and threatened to kill him if he did not cooperate. The guard's gun and $52,420 were taken during the robbery. The PSR indicated a base offense level of 19 for Rawe, based in part on a six-level enhancement because a firearm was used in the underlying offense and a one-level enhancement because a firearm was taken during the robbery, a three-level acceptance-of-responsibility reduction, a total offense level of 16, a criminal history category of I, and a Guidelines range of 21 to 27 months.

At sentencing, Rawe objected to the six-level increase for the use of a gun in the crime and the one-level increase for the taking of the gun from the bank guard. She also moved for a downward departure under United States Sentencing Commission, *Guidelines Manual*, § 5K2.12 (Nov. 1993) for coercion and duress. After hearing testimony from the Rawes and from a postal inspector, the court concluded the threats Sonya Rawe received—including threats with guns—gave her a basis to know McNeely and Fowler were prone to use guns. The court noted that Rawe knew that Fowler had been armed in a prior aborted robbery attempt and that the plans involved robbing the ATM while the guard was opening the machine. Although the possible use of Mace was discussed at some point, given the fact that Rawe knew these people used guns and a gun was used before, the court concluded it was foreseeable—indeed probable—that a gun would be used when confronting an armed guard in a robbery and that the guard's gun would be taken. While the court credited Rawe's testimony that these men made threats to her, it noted that the threats were not immediate and that Rawe could have turned to her family. Under these circumstances, the court determined a departure was not justified, but agreed to sentence Rawe at the bottom of her Guidelines range. The court sentenced her to 21 months im-

1. The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

prisonment and one year of supervised release and imposed $17,473.33 restitution.

On appeal, Rawe argues the District Court erred in finding she should receive the six-level increase because a gun was used in the underlying offense and the one-level increase because the guard's gun was taken during the robbery. She also argues the court erred in denying her downward departure motion.

In a case involving misprision of felony, the court should "[a]pply the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant." USSG § 2X4.1, comment. (n.1). Here, Rawe knew that a gun had been used in the prior aborted robbery attempt, her co-defendants had threatened her with guns, the conspirators had discussed using guns during the prospective robbery, and an armed guard would be present at the ATM robbery. Under these circumstances, we conclude Rawe reasonably should have known that a firearm might be used during the robbery and that the guard's gun might be taken.

Rawe also challenges the District Court's refusal to depart downward. The court made it clear that it did not find departure warranted by the facts in this case. "This court has repeatedly held that the exercise of discretion by a district court to refuse to depart downward is nonreviewable." *United States v. Trupiano*, 11 F.3d 769, 776 (8th Cir.1993).

Accordingly, the judgment is affirmed.